CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
PHYL GRACE, ESQ. SBN 171771
SARA N. GUNDERSON, ESQ., SBN 302582
MAIL: P.O. BOX 262490
SAN DIEGO, CA 92196-2490
DELIVERIES: 9845 ERMA ROAD, SUITE 300
SAN DIEGO, CA 92131
PHONE: (858) 375-7385
FAX: (888) 422-5191
SARAG@POTTERHANDY.COM

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jovany J. Munoz**, <br><br> Plaintiff, <br><br> v. <br><br> **David Shorter,** Successor Trustee, The Eduardo Chantre Irrevocable Trust; **Jeylim Investments, LLC,** a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case: 2:18-cv-09054-ODW-AS <br><br> **Plaintiff's Response to Defendants' Statement of Uncontroverted Facts** <br><br><br> Hon. Judge Otis D. Wright II |

### I. Preliminary Statement

Defense has asserted that all ADA violations in the plaintiff's complaint, and his first amended complaint are remediated. Plaintiff's expert has found that some violations still existed when she conducted her inspection, but after her inspection, Defendants fixed those violations. The remaining issue, then, is whether the court should retain supplemental jurisdiction over the state, remaining Unruh Civil Rights Act Claim. The

1

answer is a definitive yes. Mr. Munoz personally encountered several barriers to access at the subject property, and these violations are entwined with the requested ADA injunctive relief, "arising out of the same nucleus of operative facts." While defendants remediated the ADA violations, Mr. Munoz was forced to encounter several violations to access, and as such retaining supplemental jurisdiction over the Unruh claim is ripe and ready for adjudication.

## II.   SUPPLEMENTAL JURISDICTION IS APPROPRIATE

When the federal claims are dismissed from the case, the District Court has discretion whether to maintain its supplemental jurisdiction over the state claims or dismiss them. *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991). The "justification" underlying the decision whether to maintain supplemental jurisdiction or dismiss a case, "lies in considerations of judicial economy, convenience and fairness to litigants . . .." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In fact, the Courts have recognized that judicial economy is the "*essential policy* behind the modern doctrine of pendent jurisdiction" and it supports "the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort."  *Id.* (emphasis added), citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

The Supreme Court has subsequently "shunned" any sort of knee-jerk dismissal [of state claims] in preference in favor of a "common sense policy of pendent jurisdiction - the conservation of judicial energy and the avoidance of multiplicity of litigation." *Rosado*, 397 U.S. at 405; *Gibbs*, 383 U.S. at 726. The Supreme Court itself has "made clear that [its *Gibbs*] statement does not

establish a mandatory rule to be applied inflexibly in all cases." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).

In other words, there must be a consideration of the impact that dismissal will have on judicial economy with **an eye towards the avoidance of multiplicity of litigation**. "In deciding whether to extend supplemental jurisdiction over pendent state claims, courts must consider and weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience and fairness to the litigants, and comity to the states." *Id.*

Thus, in cases where the federal claim is dropped at a stage of the litigation where there has been substantial investment of resources, common sense and judicial economy warrant the keeping of the case. *Aydin Corp. v. Loral Corp.* 718 F.2d 897, 904 (9th Cir. 1983) (district court found to have acted properly in keeping the case, "because the record shows that the court and the litigants had expended considerable time on the pendent claims before the antitrust claims were dismissed."); *State of Ariz. v. Cook Paint & Varnish Co.* 541 F.2d 226, 227 -228 (9th Cir. 1976) (district court correctly kept the case where, "the court and the litigants had expended considerable time on [the state claims] before the [federal claim] was dismissed."); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (where the district court properly considered, "whether a return to state court would have been a waste of judicial resources when the case had been in federal court for some time" and where the 9th Circuit approved the fact that the "district court decided to retain the state claims based in part on the efforts already expended by counsel.")

In *In re Nucorp Energy Securities Litigation*, 772 F.2d 1486, 1491 (9th Cir. 1985), the Ninth Circuit found that the district court correctly kept the case where the, "district court was eminently familiar with the facts and issues . . . and was right in not imposing unnecessarily on a state court or on [the

3

parties] a repetition of pleadings, motions, discovery and other pre-trial proceedings." The *Enercomp* case is even more helpful. In *Enercomp*, the Court agreed that the District Court acted appropriately in keeping the case and reasoned:

> [I]t would have stood judicial economy on its head not to proceed with the state claims even if the securities action had been dismissed prior to trial. The case had involved over eleven months of often-heated pretrial litigation. The district court had already issued numerous memoranda and orders. Dispositive motions were not filed until the very eve of trial. Under such circumstances, it would have been a pointless waste of judicial resources to require a state court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding federal judge. It would have been unfair to the plaintiffs to transfer a case scheduled for trial within days in federal court to a state tribunal where it would have had to wait perhaps months to be heard. This court sees no inconvenience to either party from the exercise of pendent jurisdiction in this case.

*Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536, 546 (2nd Cir. 1989). The facts in the present case are analogous. Similar to *Enercomp*'s "eleven months of often-heated pretrial litigation," the present case has involved twelve months of "often-heated" litigation. Just as the *Enercomp* court had issued memoranda, been briefed on and considered the factual and legal issues in the case, the court in the present case is in the same position, as this issue arises on cross motions for summary judgment. The parties have fully and completely litigated the case. All that is required is for the Court to rule on

the plaintiff's motion for summary judgment on the state claim. The words of the *Enercomp* court seem directly on point, "under such circumstances, it would have been a pointless waste of judicial resources to require a state court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding federal judge." *Id.* at 546.

The only thing left in the current case is a ruling. The discovery is done, the issues fully developed and briefed, the actual property has been permanently altered, and the case is ready to be put to bed. It would be irrational to dismiss the state claims at this point in litigation. *The principles of judicial economy are not served by dismissing the state claims, forcing the plaintiff to refile them in state court and pay a new filing fee, paying for new service of process, having the defendant pay the state court required first appearance fee, holding a case management conference, bringing a state court judge up to speed, filing new motions for summary judgment that raise the identical issues that have already being briefed and are pending resolution in front of this Court.*

The plaintiff's remaining state claim is for a single statutory penalty of $4,000. This Court acts properly in keeping and ruling upon the modest remaining state claim and it certainly does not infringe upon any principle of *comity*, especially given that the state claim is entirely predicated upon a federal violation. In fact, the concept of comity weighs heavily *in favor of* keeping the present case in federal court under these circumstances. "There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 727.

### III. REMEDIES

The Plaintiff seeks a single statutory penalty under Unruh in this case. Statutory penalties can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. § 55.56(b). In the present case, all these elements are met.

There are no genuine issues in dispute here as to Plaintiff's visit and the Plaintiff is entitled to the statutory award of $4,000 under the Unruh Civil Rights Act for each of his encounters. See Cal. Civ. § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

### IV. CONCLUSION

The Plaintiff respectfully requests this Court deny the defense's motion.

Dated: August 19, 2019          CENTER FOR DISABILITY ACCESS

                                By: /s/ *Sara N. Gunderson*
                                Sara Nicole Gunderson
                                Attorneys for Plaintiff