# United States District Court
# Central District of California

| | |
|---|---|
| JOVANY J. MUNOZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID SHORTER; JEYLIN INVESTMENTS, LLC, et al.,<br><br>        Defendants. | Case № 2:18-cv-09054-ODW (ASx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS [32]** |

## I. INTRODUCTION

Jovany Munoz brings the present action against David Shorter and Jeylim Investments, LLC, ("Defendants") for alleged violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh"). (First Am. Compl. ("FAC"), ECF No. 27.) Defendants now move for summary judgment. (Defs.' Mot. Summ. J. ("MSJ"), ECF No. 32.) For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** Munoz's Unruh claim **WITHOUT PREJUDICE**.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Jovany Munoz is a paraplegic who cannot walk and uses a wheelchair to get around. (FAC ¶ 1.) Munoz alleges that he visited Defendants' property in Downey in March 2018 and encountered several barriers in the restroom. (FAC ¶¶ 10–20; MSJ 1–2.) On October 22, 2018, Munoz initiated this lawsuit against Defendants alleging violations of the ADA and Unruh. (*See* Compl., ECF No. 1.) On April 19, 2019, Munoz amended his complaint. (*See* FAC.)

From May through July of 2019, Defendants worked to remove the barriers described in Munoz's Complaint. (Defs.' Statement of Uncontroverted Facts ("DSUF") 2, ECF No. 33-1.) Munoz alleges that the toilet clear passage width was less than 32 inches and the size of the toilet stall did not allow access in a wheelchair, but in July 2019 Defendants removed a wood partition to remedy those violations. (Compl. ¶¶ 13–14; DSUF 10–15.) Munoz further alleges that the cabinet sink style did not permit knee clearance for wheelchair users. (Compl. ¶ 18; DSUF 16.) In May 2019, Defendants replaced the cabinet style sink with a wall-mounted sink with knee clearance to bring the sink into compliance. (DSUF 17–18.) The FAC includes allegations that the restroom violated federal standards because it lacked grab bars. (Compl. ¶19; DSUF 19.) Defendants installed and positioned two grab bars in consultation with Munoz's expert. (DSUF 21–22.) The FAC further includes allegations that the mirror height and toilet seat cover height violated federal and state standards, but in July 2019, Defendants with the feedback of Munoz's expert repositioned the mirror. (Compl ¶¶ 22–23; DSUF 24–31.) Defendants move for summary judgment as to all claims. (*See* MSJ.)

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S.

372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though a court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without

controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION[2]

Defendants move for summary judgment on the basis that the violations alleged in the Complaint have been cured, mooting Munoz's claim for injunctive relief. (MSJ 1–8.) Munoz agrees that "Defendants fixed those violations" and the only remaining issue is whether the Court should exercise supplemental jurisdiction over the Unruh claim. (Opp'n to MSJ ("Opp'n") 1–2, ECF No. 37.)

### A. Mootness

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Plaintiffs "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski v. M.J. Cable, Inc*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12188(a)(2)). Accordingly, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

---

[2] Defendants request the Court to take judicial notice of excerpts of the Department of Justice's 2010 ADA Standards for Accessible Design, the 2016 California Building Code Chapter 11B, the docket of actions in this case, and Munoz's FAC. (Req. for Judicial Notice, ECF No. 34.) Munoz does not oppose. The Court **DECLINES** the request as to the FAC and the docket in the present matter as the Court need not take judicial notice to consider the current docket. As the Court may properly take notice of facts not in "reasonable dispute" that are "generally known within the trial court's territorial jurisdiction" and which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court **GRANTS** the Defendants' remaining requests. Fed. R. Evid. 201; *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1138 n.1 (S.D. Cal. 2006) (taking judicial notice of the Department of Justice ADA Accessibility Guidelines).

Munoz concedes that Defendants have remedied all violations that Munoz's expert investigation uncovered. (Opp'n 1–2; *See* Pl.'s Resp. to DSUF, ECF No. 37-1.) Accordingly, Munoz's claim for injunctive relief under the ADA for architectural barriers is moot. *See Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*, 528 U.S. 167, 190 (2000)) (finding the defendants' remediation rendered the plaintiff's ADA claim moot).

As Munoz's claim for injunctive relief under the ADA is moot, the Court **GRANTS** Defendants' Motion as to the ADA claim.

## B. State Law Claim

Defendants request that the Court decline supplemental jurisdiction over Munoz's state claims. (MSJ 9–13.)

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Munoz's ADA claim provided the only basis for original jurisdiction. As Munoz's ADA claim has been fully adjudicated, the interests of comity and fairness lead the Court to decline to exercise supplemental jurisdiction over Munoz's related state law claim. *See Molski v. Kahn Winery*, 381 F. Supp. 2d 1209, 1211–12 (C.D. Cal. 2005) (discussing that "the principle of comity strongly favors dismissing the state law

claims" and that allowing state law claims to remain absent federal claims would frustrate the goal of the ADA to quickly rectify structural barriers).

Accordingly, the Court declines to exercise supplemental jurisdiction over Munoz's state law claim and this claim is **DISMISSED** without prejudice.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 32.) The Court **DECLINES** to exercise supplemental jurisdiction over the remaining Unruh claim and **DISMISSES** it **WITHOUT PREJUDICE**. The Court will issue Judgment.

**IT IS SO ORDERED.**

November 25, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**